EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2001 TSPR 48 |
| José R. Quirós Ortiz | |

Número del Caso: TS-10,214

Fecha: 26/marzo/2001

Oficina de Inspección de Notarías:

Lcda. Carmen H. Carlos
Directora

Abogado de la Parte Querellada:

Por Derecho Propio

Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 3 de abril de 2001, fecha en que se le
        notificó al abogado el Per Curiam y Sentencia)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Re:

José R. Quirós Ortiz

                    TS-10,214


                        PER CURIAM


San Juan, Puerto Rico, a 26 de marzo de 2001


Conforme surge del Informe, de fecha 4 de diciembre de 2000, de la Lcda. Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías, el abogado notario José R. Quirós Ortiz, durante el proceso de inspección de su obra notarial --el cual no ha terminado-- incurrió en "reiterada desatención" de los mensajes, citaciones y requerimientos que le hiciera la referida Oficina, actitud que ha impedido que su obra notarial haya podido ser inspeccionada en su totalidad.

Igualmente surge del referido Informe que, de la obra notarial que ha podido ser examinada, éste ha dejado de cancelar, por concepto de aranceles,

la suma de $43,474.75. Surgen, además, las siguientes deficiencias:

1.  Omisión de estampar el sello notarial: tomos completos sujetos a tal deficiencia.
2.  Omisión de estampar la rúbrica: innumerables escrituras.
3.  Omisión de notas de saca y de la firma de éstas por el Notario.
4.  Falta de endoso de pagarés.
5.  Omisión de la firma del Notario: en cerca de 40 escrituras tan solo en el protocolo de 1994.
6.  Pagarés adheridos que no coinciden con los cancelados en las escrituras correspondientes.
7.  Omisión de la dación de fe del conocimiento de deudores hipotecarios.
8.  Omisión de la firma y las iniciales de otorgantes o comparecientes: tomos completos en los que faltan las iniciales y la firma de los representantes de instituciones bancarias.
9.  Hasta un caso de ausencia del último folio de una escritura con las firmas de los otorgantes.

Mediante Resolución, de fecha 9 de febrero de 2001, le concedimos el término de veinte (20) días al abogado notario Quirós Ortiz "...para cumplir con los requerimientos específicos hechos por la Directora de la Oficina de Inspección de Notarías en su Informe de fecha 4 de diciembre de 2000, bajo apercibimiento de suspensión a la abogacía sin más citarle ni oirle." (Enfasis suplido.) Le ordenamos, además, para que mostrara causa dentro de dicho término, "...por la cual no debamos suspenderle indefinidamente del ejercicio de la abogacía y/o de la notaría debido a las serias deficiencias señaladas en dicho Informe."

El abogado notario Quirós Ortiz no ha comparecido, no obstante el período de tiempo transcurrido[1]. Resolvemos.

I

Sabido es que, conforme as disposiciones pertinentes de la Ley Notarial, es deber de todo notario adherir y cancelar en cada escritura original que otorgare, y en las copias que de ellas se expidieren, los correspondientes sellos de rentas internas. "El notario podrá rehusar autorizar el instrumento a menos que se hubiese provisto para el pago de los derechos arancelarios a su satisfacción. Si el notario autoriza el instrumento público, como el caso ante nos, es porque los interesados han provisto para el pago de los derechos arancelarios a su satisfacción. Bajo

dichas circunstancias es, entonces, responsabilidad ineludible e inexcusable del notario adherir y cancelar los sellos correspondientes." (Enfasis suplido y citas omitidas.) In re: Colón Muñoz, 131 D.P.R. 121, 154-155 (1992).

El notario que no adhiera y cancele las correspondientes estampillas exigidas por ley, al momento de autorizar o certificar un instrumento público, está sujeto a sanciones y acciones disciplinarias, sin menoscabo de su responsabilidad legal. In re: Feliciano Betancourt, 115 D.P.R. 172 (1984).

En In re: Merino Quiñones, 115 D.P.R. 812, 813-814 (1984), expresamos que:

> "La práctica de algunos abogados-notarios de no cancelar los correspondientes sellos de rentas internas *inmediatamente* que otorgan una escritura no sólo constituye una violación a la Ley Notarial de Puerto Rico, sino que podría inclusive resultar en la configuración de un delito de apropiación ilegal, por cuanto el importe de dichos sellos es por lo general cobrado por el notario a su cliente al momento de la otorgación del instrumento con el propósito expreso y específico de la compra y cancelación de los referidos sellos. Cuando menos, constituye una práctica altamente censurable que no debe ser continuada, que no estamos dispuestos a tolerar, y que puede constituir, por sí sola, causa suficiente para la separación de un abogado del ejercicio de la notaría en Puerto Rico. (Enfasis suplido y escolios omitidos.)

En In re: Feliciano Betancourt, *supra*, ratificamos que esta conducta o incumplimiento exponía al notario a graves sanciones correctivas, incluso la separacion del ejercicio de la profesión de abogado, ya que su responsabilidad por omitir cancelar los sellos es una de *naturaleza continua*. Véase, además: In re: Aponte Arché, 117 D.P.R. 837 (1986); In re: Tirado Saltares, 118 D.P.R. 576 (1987); In re: Jiménez del Valle, 119 D.P.R. 41 (1987); In re: Cruz Ramos, 127 D.P.R. 1005 (1991).

## II

Por otro lado, reiteradamente hemos resuelto que, independientemente de los méritos de la queja que se presente contra un abogado, éste viene en la obligación de obedecer, y responder prontamente, a los requerimientos

---

[1] La mencionada Resolución fue notificada a Quirós Ortiz

de este Tribunal. Véase: In re: Rubén Guzmán Bruno, res. el 21 de enero de 2000, 2000 TSPR 22; In re: Ríos Acosta, res. el 19 de mayo de 1997, 143 D.P.R. ___ (1997).

### III

Como hemos visto, el abogado notario Quirós Ortiz ha incurrido en fallas graves, en el desempeño de su función notarial, las cuales, por sí solas, son suficientes para que se decrete su suspensión del ejercicio de la abogacía y de la notaría. Como si ello fuera poco, ha hecho caso omiso de los requerimientos de este Tribunal y de aquellos que le han sido hechos por la Oficina de Inspección de Notarías. Resulta obvio que éste no interesa continuar siendo abogado en nuestra jurisdicción.

Por los fundamentos antes expresados, se decreta la suspensión indefinida, e inmediata, de José R. Quirós Ortiz tanto del ejercicio de la notaría como de la abogacía en nuestra jurisdicción.

Se dictará Sentencia de conformidad.

mediante corre certificado con acuse de recibo.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Re:

José R. Quirós Ortiz

TS-10,214

SENTENCIA

San Juan, Puerto Rico, a 26 de marzo de 2001

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida del ejercicio de la profesión de abogado, y de la notaría, de José R. Quirós Ortiz, a partir de la notificación de la presente Opinión Per Curiam, y le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial de José R. Quirós Ortiz, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez

Presidente señor Andréu García y la Juez Asociada señora Naveira de Rodón no intervinieron.


                              Isabel Llompart Zeno
                                   Secretaria del Tribunal Supremo